1   Richard A. Hoyer (SBN 151931)
    LAW OFFICES OF RICHARD A. HOYER & ASSOCIATES
2   Michael S. Sorgen (SBN 43107)
    LAW OFFICES OF MICHAEL S. SORGEN
3   240 Stockton Street, Ninth Floor
    San Francisco, CA 94108
4   (415) 956-1360

5   Attorneys for Plaintiff

**E-filing**

6
                    UNITED STATES DISTRICT COURT
7                                                          **EMC**
                   for the NORTHERN DISTRICT OF CALIFORNIA
8
                          San Francisco Division
9

10  JUANITA STOCKWELL, MICHAEL          **CV**Case No. **08**        **5180**
    LEWIS, TERRYE IVY, VINCE NEESON,    )
11  ON BEHALF OF THEMSELVES AND         )
    ALL OTHERS SIMILARLY SITUATED;      )    **CLASS ACTION COMPLAINT FOR**
12  GUILLERMO L. AMIGO, E. R.           )    **INJUNCTIVE AND DECLARATORY**
    BALINTON, NIKOLAUS BORTHNE,         )    **RELIEF AND DAMAGES FOR**
13  EDWARD BROWNE, PETER                )    **VIOLATIONS OF THE AGE**
    BUSALACCHI, ROLANDO J. CANALES,     )    **DISCRIMINATION IN**
14  SILVIA DAVID, PHILIP FLECK, SEVERO       **EMPLOYMENT ACT AND THE**
    FLORES, GEORGE S. FOGARTY,               **CALIFORNIA FAIR EMPLOYMENT**
15  MALCOLM FONG, MARY GODFREY,              **AND HOUSING ACT**
    JASON HUI, SHEILA JACKSON,
16  JACKLYN M. JEHL, RICHARD JUE,            **DEMAND FOR JURY TRIAL**
    ROBERT LEUNG, PAUL LOZADA,
17  CHARLES E. LYONS, D.H. BUD
    MASSEY, DIANE MCKEVITT, BRUCE
18  MEADORS, THOMAS O'CONNOR,
    JUDITH RIGGLE, SUSAN ROLOVICH,
19  JEFFERY SUNG, LINDSEY SUSLOW,
    RICARDO VALDEZ, JESSIE A.
20  WASHINGTON, MICHAEL WELLS, and
    on behalf of all others similarly situated
21
                    Plaintiffs,
22           v.

23  CITY AND COUNTY OF SAN
    FRANCISCO; HEATHER FONG, CHIEF
24  SAN FRANCISCO POLICE
    DEPARTMENT, sued in her official
25  capacity

26                  Defendants.

27

28

CLASS ACTION COMPLAINT

                                                                    1

1    Individual and Representative Plaintiffs JUANITA STOCKWELL, MICHAEL LEWIS,

2    TERRYE IVY, VINCE NEESON (collectively "Plaintiffs") on behalf of themselves and all

3    others similarly situated, allege, upon personal knowledge as to themselves and upon information

4    and belief as to other matters, as follows:

5                              **NATURE OF THE CLAIM**

6        1.       Defendant City and County of San Francisco (hereinafter the "City" or "CCSF")

7    is a municipal entity that discriminates against police officers in the San Francisco Police

8    Department ("SFPD") with respect to promotions, compensation and other terms and conditions

9    of employment in violation of the Age Discrimination in Employment Act and the California

10   Fair Employment and Housing Act.  Heather Fong, Chief of SFPD, is sued in her official

11   capacity.

12       2.       The violations are systemic and continuing, based upon Police Department wide

13   policies and practices, and are the result of unchecked age bias that pervades the culture of the

14   Department. CCSF's policies and practices with regard to the distribution of promotional

15   opportunities under its control deny qualified older officers equal opportunities for promotion

16   and compensation.

17       3.       As a result of the City's department-wide policies and practices, plaintiffs have

18   been denied promotion, despite their qualifications and experience,  to the rank of Q-35 Inspector

19   and have earned substantially less than younger, less experienced officers.  These promotional

20   and earnings disparities, which CCSF caused by reckless indifference and/or intentional conduct,

21   have existed every year throughout the liability period of this case and are part of a pattern or

22   practice of intentional discrimination.

23       4.       The City has a long history of discrimination in its police department.  A class

24   action in this Court in 1973 for race, sex and national origin bias, <u>Officers for Justice vs. Civil</u>

25   <u>Service Commission of San Francisco</u>, compelled systemic changes in the department's

26   promotional opportunities.  The suit was settled in 1979 by consent decree, which remained in

27   effect until 1998.  By a stipulation accompanying the dismissal of the consent decree, CCSF

28

CLASS ACTION COMPLAINT

1  agreed to give a test for the Q-35 Inspectors position and to promote officers to that position from

2  a list of those that had passed the test.

3       5.     Starting in 2006, and throughout the liability period, CCSF has caused age-based

4  earnings disparities its Police Department by intentionally implementing a policy and practice to

5  promote younger, less qualified officers to the investigations bureau, passing over older officers.

6  Unlike those promoted, plaintiffs had passed qualifying examinations for the investigators bureau

7  and had many years of prior experience in investigations.

8       6.     Through its Police Department, the City has intentionally implemented these

9  policies and practices and maintained its discriminatory compensation system in order to

10  promote and train younger officers at the expense of older, more qualified officers.  CCSF's

11  policies and practices, even if facially neutral, have had and continue to have an adverse impact

12  on the promotional and compensation opportunities of older officers.

13       7.     Accordingly, this class action is brought by older police officers on behalf of

14  themselves individually and all similarly-situated officers over 40 years old against whom CCSF

15  has discriminated on the basis of age.  This action seeks to end CCSF's discriminatory policies

16  and practices and to make the Plaintiff class whole by requesting the following remedies:

17  injunctive and declaratory relief to remedy systemic age discrimination in CCSF's Police

18  Department; back pay, front pay and compensatory damages.

19       **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

20       8.     This Court has jurisdiction over the ADEA claims pursuant to 28 U.S.C. § 1331

21  and over the California FEHA claims under its supplemental jurisdiction 28 U.S.C 1367.

22       9.     Venue is proper in this District pursuant to 28 U.S.C. § 1331 (b).  Members of the

23  Plaintiff class reside in California and in this District.  Defendant CCSF is wholly located in this

24  District.  All of the acts complained of and giving rise to the claims alleged occurred and/or are

25  still occurring in this State and this District.

26       10.     Assignment to the San Francisco Division of this Court is proper because some

27  Plaintiffs reside within the Division and because all of the acts complained of took place in San

28  Francisco.

CLASS ACTION COMPLAINT

**REPRESENTATIVE PLAINTIFFS**

11.     Plaintiff Juanita Stockwell is a female resident of San Francisco, California.  She is 60 years old.  Ms. Stockwell has been with SFPD for 28 years, has passed the test for Q-35 Inspector, and has extensive investigations experience such as responding to crime scenes, conducting suspect identifications, and collaborating with outside agencies on matters involving San Francisco gangs. During the course of her employment as an officer of the SFPD, by application of its department-wide policies and practices, SFPD denied Ms. Stockwell opportunities on the basis of her age that directly impacted her rank and compensation.

12.     Plaintiff Michael Lewis is a male resident of Hercules, California. He is 59 years old. Mr. Lewis has worked as a San Francisco Police Officer since January 1978. Throughout his 30 years of service with SFPD Mr. Lewis performed extensive investigative work as a member of the Gang Task Force,  investigating Black gang crime cases and working in conjunction with the Homicide Detail to investigate Black gang murders.  Mr. Lewis was the first Black officer to be certified by the San Francisco Court as a Gang Expert.  Mr. Lewis continued to perform and excel at investigative duties as a member of Tactical Investigations Unit.  Despite Mr. Lewis's ample investigative experience and positive evaluations during the course of his employment as an officer, SFPD, by application of its department-wide policies and practices, denied Mr. Lewis opportunities on the basis of his age that directly impacted his rank and compensation.

13.     Plaintiff Terrye Ivy is a female resident of San Mateo, California. She is 57 years old and worked with SFPD for 33 years. In 1999 Ms. Ivy applied for a promotion to Inspector and was placed on the ensuing eligibility list as a result of her 25 years experience with investigative work while working as a police officer.  During the course of her employment as an officer of the SFPD, by application of its department-wide policies and practices, SFPD denied Ms. Ivy opportunities on the basis of her age that directly impacted her compensation.

14.     Plaintiff Vince Neeson is a male resident of San Francisco, California.  He is 56 years old.  Mr. Neeson has worked as a SFPD Officer for 36 years, during which time he amassed extensive investigative experience as a member of the plainclothes investigative unit and the Narcotics Division, which is a part of the Bureau of Inspectors.  Mr. Neeson attended the

CLASS ACTION COMPLAINT

4

1   P.O.S.T certified Institute of Criminal Investigations and has received three Meritorious Conduct

2   Awards expressly pertaining to his investigative work, as well as multiple medals of honor,

3   Police Commission Commendations, and Captain Complimentary reports.  Yet throughout his

4   tenure as an officer, SFPD, by application of its department-wide policies and practices, denied

5   Mr. Neeson opportunities on the basis of his age that directly impacted his rank and

6   compensation.

7                                    **OTHER PLAINTIFFS**

8          15.      Guillermo L. Amigo, E. R. Balinton, Nikolaus Borthne, Edward Browne, Peter

9   Busalacchi, Rolando J. Canales, Silvia David, Philip Fleck, Severo Flores, George S. Fogarty,

10   Malcolm Fong, Mary Godfrey, Jason Hui, Sheila Jackson, Jacklyn M. Jehl, Richard Jue, Robert

11   Leung, Paul Lozada, Charles E. Lyons, D.H. Bud Massey, Diane McKevitt, Bruce Meadors,

12   Thomas O'Connor, Judith Riggle, Susan Rolovich, Jeffery Sung, Lindsey Suslow, Ricardo

13   Valdez, Jessie A. Washington, Michael Wells are all police officers over age 40 with extensive

14   experience and qualifications gained throughout their long term employment with SFPD.

15          16.      All of the plaintiffs took and passed the test for Q-35 Inspector and were

16   subsequently put on the eligibility list.  SFPD passed over all of the plaintiffs in favor of younger,

17   less qualified individuals in promotions to the Investigations Bureau.

18                                    **CLASS ALLEGATIONS**

19          17.      Plaintiffs bring this Class Action pursuant to F.R.C.P. 23(a), (b)(2), and (b)(3) on

20   behalf of a Class of police officers age 40 and older who were employed by CCSF at any time

21   since October 18, 2006.  Plaintiffs and members of the Class they seek to represent were, on the

22   basis of their age, denied promotional opportunities that adversely impacted their rank and

23   compensation.

24          18.      The members of the Class identified herein are so numerous that joinder of all

25   members is impracticable. Although the precise number of SFPD officers age 40 or older is

26   currently unknown, it is far greater than can be feasibly addressed through joinder.

27          19.      There are questions of law and fact common to the Class, and these questions

28   predominate over any questions affecting only individual members.  Common questions include,

CLASS ACTION COMPLAINT

5

1    among others: (1) whether SFPD's policies or practices discriminate against older officers; (2)

2    whether SFPD's Human Resources Department has failed to implement policies and practices to

3    prevent discrimination against older employees; (3) whether SFPD's policies and practices

4    violate ADEA and/or the California Fair Employment and Housing Act; and (4) whether

5    equitable remedies, injunctive relief and damages for the Class members are warranted.

6          20.    The Representative Plaintiffs' claims are typical of the claims of the Class and

7    they will fairly and adequately represent and protect the interests of the members of the Class.

8    Plaintiffs have retained counsel competent and experienced in complex class actions and in

9    employment discrimination litigation.

10          21.    Class certification is appropriate pursuant to F.R.C.P. 23(b)(2) because the City

11    has acted and/or refused to act on grounds generally applicable to the class, making appropriate

12    declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.  The Class

13    members are entitled to injunctive relief to end CCSF's unfair and discriminatory polices and

14    practices.  SFPD has computerized account data, payroll and personnel data that will facilitate

15    calculation of damages for specific Class members.

16                          **FIRST CLAIM FOR RELIEF**

17          **(Age Discrimination in Employment Act 42 U.S.C § 64 *et seq.*)**

18          Plaintiffs incorporate the preceding paragraphs as alleged above.

19          22.    The City has engaged in an intentional and continuing police department-wide

20    pattern or practice of discrimination against older officers.  The discriminatory acts that

21    constitute SFPD's continuing pattern or practice of discrimination occurred both within and

22    outside the liability period in this case.

23          23.    SFPD has intentionally maintained a system that locks in, maintains, perpetuates

24    and increases discrimination against older police officers by continually implementing

25    department-wide policies and practices that ignore qualifications and experience and that are

26    discriminatory, subjective, and/or arbitrary.  SFPD's discriminatory policies or practices

27    described above have denied older police officers opportunities and compensation, in the loss of

28    past and future wages and other job benefits, as compared to less qualified younger officers.

CLASS ACTION COMPLAINT

6

24.     This system, and these policies and practices, have had an adverse impact on older police officers and are not, and cannot be, justified by business necessity.  Even if such system could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

25.     Defendant has intentionally discriminated against Plaintiffs and the Class by maintaining a continuing pattern or practice of denying opportunities that directly affect rank and compensation to qualified and experienced officers on the basis of age.  The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. § 64 *et seq.*

26.     Plaintiffs have timely filed charges with the EEOC making classwide claims of discrimination as well as individual claims and have exhausted their administrative remedies.

## SECOND CLAIM FOR RELIEF

### (Age Discrimination in Violation of  California Fair Employment and Housing Act, Cal. Gov't Code § 12940 *et seq.*)

Plaintiffs incorporate the preceding paragraphs as alleged above.

27.     As described above, the City's actions constitute age discrimination in violation of the California Fair Employment and Housing Act (FEHA).  The City's age discrimination during the FEHA liability period is part of a continuing violation that began before the liability period.  Plaintiffs have received Right to Sue letters from the DFEH.  The pendency of EEOC investigations into Plaintiffs' charges tolled the time limit for filing civil actions pursuant to the Fair Employment and Housing Act.  Plaintiffs have timely complied with all prerequisites to suit and have exhausted their administrative remedies.

## ALLEGATIONS REGARDING RELIEF

Plaintiffs incorporate the preceding paragraphs as alleged above.

28.     An actual and justiciable controversy exists regarding as to whether the City's hiring practices have a disparate impact on or constitute disparate treatment of SFPD officers age 40 and over.  Plaintiffs contend that the City has denied them promotional opportunities that have an adverse impact on their rank and compensation on the basis of age.  Defendant denies the

CLASS ACTION COMPLAINT

1   discriminatory nature of its hiring practices. Plaintiffs request the Court to declare that the City's

2   hiring practices are invalid and unlawful and that it permanently enjoin the implementation of

3   them.

4         29.    Plaintiffs and the Class they seek to represent have no plain, adequate, or

5   complete remedy at law to redress the wrongs alleged herein; so the injunctive relief sought in

6   this action is an appropriate means of securing complete and adequate relief.  Plaintiffs and the

7   Class they seek to represent are now suffering, and will continue to suffer, irreparable injury from

8   Defendant's discriminatory acts and omissions.

9         30.    The City's actions have caused and continue to cause Plaintiffs and all Class

10  members substantial losses in earnings and other employment benefits in an amount according to

11  proof.

12        31.    Representative Plaintiffs and the Class have suffered and continue to suffer

13  humiliation, embarrassment, anguish and distress, all to their damage in an amount according to

14  proof.

15  **PRAYER FOR RELIEF**

16  WHEREFORE, Plaintiffs and the Class pray for relief as follows

17        1.    Certification of a class action on behalf of the proposed Class.

18        2.    Designation of Representative Plaintiffs Terrye Ivy, Michael Lewis, Vincent

19  Neeson, and Juanita Stockwell as representatives of the Class;

20        3.    Designation of Representative Plaintiffs' counsel of record as Class counsel;

21        4.    A declaratory judgment that the practices complained of herein are unlawful and

22  violate 42 U.S.C.§ 64 *et seq.*, the California FEHA, Cal. Gov't Code §§ 12940, *et seq.*;

23        5.    A preliminary and permanent injunction against CCSF and its officers, agents,

24  successors, employees, representatives, and any and all persons acting in concert with them, from

25  engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

26        6.    An order that CCSF institute and carry out policies, practices, and programs that

27  provide equal employment opportunities for all employees regardless of age, and that it eradicate

28  the effects of its past and present unlawful employment practices;

CLASS ACTION COMPLAINT

1      7.      Back pay (including interest and benefits) for individual Plaintiffs and Class

2      members;

3      8.      All damages sustained as a result of the City's conduct, including damages for

4      emotional distress, humiliation, embarrassment, and anguish, according to proof;

5      9.      Costs incurred herein, including reasonable attorneys' fees to the extent allowable

6      by law;

7      10.     Pre-judgment and post-judgment interest, as provided by law; and

8      11.     Such other and further legal and equitable relief as this Court deems necessary,

9      just, and proper.

10     Dated: November 17, 2008

11                          Respectfully submitted,

12

13

14                          Richard A. Hoyer                    Michael S. Sorgen

15                                  Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

9                                                      9

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury as to all issues so triable.

3

4

Dated: November 17, 2008

5

Respectfully submitted,

6

7

8

Richard A. Hoyer                    Michael S. Sorgen

9

Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT