United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUANITA STOCKWELL, et al.,

      Plaintiffs,

      v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

      Defendants.

_____/

No. C 08-5180 PJH

**ORDER RE SUPPLEMENTAL BRIEFING
ON RENEWED MOTION FOR CLASS
CERTIFICATION**

      Plaintiffs' renewed motion for class certification came on for hearing before this court on October 22, 2014.  Plaintiffs Juanita Stockwell, Jacklyn Jehl, Terrye Ivy, Michael Lewis, and Vince Nesson, on behalf of the putative class, and 25 other named plaintiffs (collectively, "plaintiffs") appeared through their counsel, Richard Hoyer.  Defendant City and County of San Francisco ("defendant") appeared through its counsel, Jonathan Rolnick.

      At the hearing, plaintiffs' counsel made a number of concessions regarding the nature of the class for which certification is sought.  Specifically, plaintiffs clarified that they were now pursuing a theory originally described as their "fallback position," that only 55 of the 133 putative class members had suffered any injury, as any promotions from the Q-35 list would have been made in rank order.  Thus, plaintiffs conceded that the only class that could be certified, based on the current state of the evidence, is one limited to the 55 top-ranked individuals on the Q-35 list.  Plaintiffs further conceded that only one of the five

class representatives is among those 55 top-ranked individuals[1], and only "two or three" of the other 25 named plaintiffs are among the 55 top-ranked individuals.  In so doing, plaintiffs also conceded that any plaintiffs who did not fall within the top 55 would not have a valid claim under either California's Fair Employment and Housing Act ("FEHA") or under the Age Discrimination in Employment Act ("ADEA"), and further conceded that any class representatives who fall outside the top 55 would not have claims that are typical of the class and would not adequately represent the class.

Plaintiffs also explained that their FEHA claim is brought only on behalf of the putative class, and is not asserted by the plaintiffs in their individual capacities; and further explained that their ADEA claims are brought by plaintiffs only in their individual capacities, and not on behalf of a collective.  Plaintiffs then further represented that, if the court were to grant certification on a FEHA class, that they would voluntarily dismiss their ADEA claims.

Plaintiffs' concessions address many of the court's concerns regarding certification, especially regarding the "predominance" requirement of Rule 23(b)(3).  However, these concessions also raise a number of new questions that were not adequately addressed by the parties' prior briefing.  The court finds that these issues will be best addressed through supplemental briefing on the following issues.

First, before any class can be certified, the parties must fully address the issue of whether defendant had a practice of making promotions in rank order, or whether it took into account secondary criteria or other individualized characteristics.  Specifically, the parties must present evidence, or specifically identify evidence of record, regarding the promotion of Sergeants from the Q-50 list, and the promotion of Assistant Inspectors from the Q-35 list (during the time when defendant still made promotions from that list).  And as discussed at the hearing, plaintiffs must support their expert's opinion that promotions were made in rank order by directly comparing the ranked Q-50 list with the list of officers who

---

[1]After the hearing, plaintiffs' counsel filed a letter indicating that all five class representatives  are among the 55 top-ranked individuals on the Q-35 list.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  were ultimately promoted, and similarly, by directly comparing the ranked Q-35 list with the

2  list of officers who were ultimately promoted.  The parties must also present their

3  arguments regarding how this evidence affects the "predominance" analysis.

4       Second, plaintiffs must clearly identify which of the named plaintiffs, and which of the

5  class representatives, are included among the top-ranked 55 individuals on the Q-35 list.

6       Third, plaintiffs must explain how they intend to proceed on their ADEA claims if a

7  FEHA class were to be certified.  At the hearing, plaintiffs appeared to indicate that all

8  ADEA claims would be voluntarily dismissed (i.e., not just the ADEA claims of plaintiffs who

9  fell outside of the top 55 on the Q-35 list) if a FEHA class were certified, but the court

10  requires further clarification.  Here, the court notes that plaintiffs' plan directly affects the

11  analysis under Rule 23(b)(3), because if plaintiffs intend on pursuing their ADEA claims on

12  an individual basis (i.e., not as a collective action), then class treatment of the FEHA claims

13  may not be the superior method of adjudicating the controversy.

14       The parties must address the foregoing topics in supplemental briefing.  Plaintiffs are

15  directed to file a supplemental brief, not to exceed fifteen (15) pages, by **November 5,**

16  **2014**.  Defendant may then file a response, not to exceed fifteen (15) pages by **November**

17  **19, 2014**.  Plaintiffs may then file a reply, not to exceed five (5) pages by **November 26,**

18  **2014**.  The court will not likely hold any further hearings on this motion.  In view of this order

19  for supplemental briefing, defendant need not separately file the citations discussed at the

20  hearing, rather, those citations shall simply be included in its response to plaintiffs'

21  supplemental brief.

22       **IT IS SO ORDERED.**

23  Dated: October 22, 2014

24  _____

25  PHYLLIS J. HAMILTON
   United States District Judge

26

27

28

3